## ALEXCIA ST. GERMAIN *vs.* JOSEPH BOUCHARD.

### NOVEMBER 12, 1913.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1) Bills of Exceptions.*

The procedure for the prosecution of a bill of exceptions requires that the bill and transcript shall be filed in the clerk's office within the time limited therefor, after which, the clerk is required to present the same to the justice who presided at the trial, who after hearing the parties, and after examination of the papers, is required to act thereon in allowance or disallowance thereof, and return the same to the clerk.

A bill of exceptions and transcript were presented to the justice, who allowed same, and they were within the time limited, filed in the clerk's office.

*Held,* that they had no standing in the case prior to the time of filing, and the justice had no authority to act thereon before they were filed and his attempted allowance was without legal effect.

*Held,* further that as within twenty days after the filing no time was fixed and no notice given for any hearing thereon as required by the rule and no hearing was had and the bill was not acted upon by the justice, and as the petitioner did not within thirty days, attempt to establish the truth of his exceptions, the bill was not properly before the court and would be dismissed.

TRESPASS ON THE CASE. Heard on motion of plaintiff to dismiss defendant's bill of exceptions and granted.

BAKER, J. Heard on plaintiff's motion to dismiss defendant's bill of exceptions.

This is an action of trespass on the case. The record shows that it was tried before a court and jury, and that

on April 17th, 1913, a verdict was rendered in favor of plaintiff for $600; that defendant duly filed a motion for a new trial which was heard, and thereafter on May 28th, 1913, was denied; that on June 4th, 1913, defendant filed his exception to the decision of the court, denying said motion and his notice of his intention to prosecute a bill of exceptions, whereupon the justice before whom the case was tried fixed upon July 24th, 1913, as the date on or before which the defendant was required to file in the office of the clerk his bill of exceptions and the transcript of evidence in the case; that on said July 24th, said bill of exceptions and said transcript of evidence were filed in the office of the clerk, both bearing the certificate of allowance by said justice, said bill of exceptions as of July 21st, 1913, and said transcript without any date stated; and that at some time thereafter, the date of which is not shown, the papers in the case were certified to this court on defendant's bill of exceptions. The record itself does not show that any date was fixed for a hearing on the allowance of said bill and said transcript, or that any notice was ever given to the plaintiff or her counsel of record of any such hearing. On October 2d, 1913, plaintiff filed in this court her motion to dismiss defendant's said bill of exceptions as not being properly in this court. At the hearing on the motion the defendant's counsel stated and admitted that the facts as to the purported allowance of said bill and transcript were as follows: namely—that, after receiving said transcript of evidence from the stenographer and before filing it or said bill of exceptions in the clerk's office, he took them to New Hampshire, where said justice was at that time, and that said justice then and there allowed said bill and said transcript at the same time, whereupon he, said counsel, returned to this state and thereafter filed said bill and said transcript in the clerk's office on July 24th, as shown by the record, and that neither said plaintiff nor her counsel of record was heard as to the allowance of said bill of exceptions or of said transcript and that neither had prior thereto any notice of such hearing.

The procedure for the prosecution of a bill of exceptions is established by Secs. 17, 19, 20 and 21 of Chap. 298 of the General Laws, and Rule 31 of the Superior Court, duly approved by this court, relating to actions at law. By this procedure the bill of exceptions and transcript of evidence are to be filed in the office of the clerk within the time limited therefor; after the filing of the bill of exceptions the clerk is required to present the same and the transcript, if any, to the justice who presided at the trial who, "after hearing the parties" and after examination thereof is required to act thereon in allowance or disallowance of said bill and transcript and to return the same to the files of the clerk. If he shall fail to act thereon within twenty days after the filing of the bill of exceptions or shall act thereon in such manner that either party is aggrieved thereby the truth of the exceptions may be established before this court upon petition filed within thirty days after the filing of the bill of exceptions in the Superior Court. The procedure for the hearing of the parties as to the allowance of a bill of exceptions and a transcript of the evidence is provided for by said Rule 31, which is as follows: "Hearing of parties upon the question of allowance of exceptions, evidence, rulings, instruction, and findings shall be at such time as the justice who presided at the trial shall prescribe. Notice in writing of such hearing shall be given by the clerk to each party to a cause by mailing such notice directed to the attorney of record of said party at the place of the office of said attorney of record. In case there be no attorney of record of any party, notice shall be given to such party in such manner as a justice of the court may specially direct." Upon the adoption by the Superior Court and the approval by this court of said Rule 31 "the same became a part of the law of the State and governs the subject-matter to which it relates and cannot be ignored." *Smith v. Haskell Mfg. Co.*, 28 R. I. 91, 93. It is apparent from the record and the admitted facts that in this case the procedure for prosecuting a bill of exceptions as prescribed by said

statute and said rule has not been followed. It seems too obvious for discussion that the bill of exceptions in this case did not become such and had no place as part of the papers in the case until it was filed. The filing of the paper is the necessary and decisive step which constitutes it a bill of exceptions in the case. Until filed, it is not entitled to consideration as being in the case. It follows that the paper filed as a bill of exceptions on July 24th, was not part of and had no standing in the case prior to that date, that said justice had no authority or jurisdiction to act thereon before it was filed, and that therefore his attempted allowance thereof and of said transcript of evidence on July 21st was without legal effect. Inasmuch as within twenty days after the filing of said bill of exceptions no time was fixed and no notice was given for any hearing thereon as required by said Rule 31, and no hearing was had thereon and said bill was not acted upon in any way by said justice and inasmuch also as the defendant within thirty days after the filing of said bill filed no petition in this court for the establishment of the truth of said bill of exceptions, we are of the opinion that said bill of exceptions and said transcript are not properly before this court.

Section 18 of said Chapter 298 provides that "in case of any default in taking such procedure, judgment shall be entered or sentence imposed as if notice of intention to prosecute a bill of exceptions had not been filed." This court has enforced this provision in numerous cases which it is scarcely necessary to cite. The bill of exceptions is therefore dismissed, and the case is remitted to the Superior Court for Kent County for further proceedings.

*Quinn & Kernan,* for plaintiff.
*William R. Champlin,* for defendant.